United States District Court
Southern District of Texas

**ENTERED**

May 07, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| SALEH AL QUHIF, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-CV-00413 |
| | § | |
| TODD LYONS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Petitioner Saleh Al Quhif's ("Petitioner" or "Mr. Al Quhif")
Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging his post-
removal order detention by Immigration and Customs Enforcement (ICE) officials with the
Department of Homeland Security (DHS). Having considered the Parties' filings and the
applicable law, the Court concludes that Petitioner's ongoing detention has become unreasonably
prolonged in violation of his due process rights, and thus, immediate release is required.

For the reasons set forth below, Petitioner's Petition for Habeas Corpus, (Dkt. 1), is
**GRANTED**. Respondents' Response to Petition for Writ of Habeas Corpus and Motion to
Dismiss, or alternatively, Motion for Summary Judgment, (Dkt. 6), is **DENIED**. Respondents are
**ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of
release, and to submit a status report to the Court confirming Petitioner's release within 48 hours
of the issuance of this Order.

## Background

### A. Petitioner's Immigration History

Petitioner entered the United States on or about December 20, 2024, and was immediately taken into ICE custody. (*See* Dkt. 1 at 4; Dkt. 6, Attach. 1 at 2.)[1] He has remained detained since. (Dkt. 1 at 4; Dkt. 6, Attach. 1 at 2.) On August 29, 2025, an Immigration Judge (IJ) ordered Petitioner removed from the United States and simultaneously granted him Withholding of Removal under Immigration and Nationality Act (INA) § 241(b)(3), 8 U.S.C. § 1231(b)(3), to his native country Yemen. (Dkt. 1, Attach. 1; Dkt. 6, Attach. 2.) In granting Petitioner Withholding of Removal, the IJ necessarily found it was more likely than not that Petitioner would be persecuted if he returned to Yemen. *See* 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16. Neither party filed an appeal, so the order became final on September 30, 2025. (*See* Dkt. 1, Attach. 1; Dkt. 6, Attach. 1 at 2); 8 CFR § 1241.1. Mr. Al Quhif remained detained throughout his removal proceedings, and he is currently detained at the Rio Grande Processing Center in Laredo, Texas. (See Dkt. 1 at 4; Dkt. 6 at 2.)

Mr. Al Quhif has now been in ICE custody for over 16 months since he entered the United States in December of 2024 and for over 7 months since his removal order became final on September 30, 2025. (*See* Dkt. 1 at 5.)

Instead of releasing Petitioner from custody after he was granted Withholding of Removal, Petitioner has remained detained while DHS has sought to remove Petitioner to a country other than Yemen. (Dkt. 9 at 1–2.) In October of 2025, Enforcement and Removal Operations (ERO) contacted the Department of State for "third country removal assistance." (Dkt. 9, Attach. 1 at 2.) Several months passed without any updates regarding Petitioner's case and any potential third country removal. (*Id*. at 2–3.) In February of 2026, ERO sent a Form I-241, Request for

---

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries. 2 / 12

Acceptance of Alien, to Guatemala and Honduras, and each country eventually rejected the requests and stated that they would not accept Petitioner. (*Id.* at 3.) In March of 2026, Petitioner was served with a 90-day Post-Order Custody Review. (*Id.*) Then in April of 2026, a travel document request was sent to Yemen despite Petitioner having been granted Withholding of Removal to Yemen. (*Id.*) On April 15, 2026, Yemen notified ERO that it would not issue travel documents due to Mr. Al Quhif's grant of Withholding of Removal. (*Id.*) As of the Parties' most recent filings, ERO asserts that it is still working with DHS and the Department of State on pursuing third country removal for Petitioner. (*Id.*)

### B. Procedural Background

Mr. Al Quhif filed the instant habeas action on March 17, 2026. (Dkt. 1.) The Court ordered Respondents to respond to the petition by March 25, 2026. (Dkt. 6.) Respondents filed a timely response arguing that the Petition should be denied because Petitioner is lawfully detained under 8 U.S.C. § 1231 while ERO works to find a third country that will accept Petitioner. (Dkt. 9 at 1–2.) Petitioner submitted a reply to Respondents' Response, maintaining that Petitioner's continued detention is unlawful and that his removal is not reasonably foreseeable. (Dkt. 7.) The Court then ordered Respondents to submit a status update on any additional progress that has been made to effectuate Petitioners removal by April 29, 2026. (Dkt. 8.) On April 29, 2026, Respondents filed a status update indicating that ERO is awaiting an update from the Department of State on assistance with third-country removal, but no third countries have accepted Petitioner for removal and no requests are currently pending. (Dkt. 9.)

### Legal Standard

### A. 28 U.S.C. § 2241

3 / 12

A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). 28 U.S.C. § 2241(c)(3) authorizes "any person to claim in federal court that he or she is being held 'in custody in violation of the Constitution or laws. . . of the United States.'" *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Accordingly, 28 U.S.C. § 2241 confers jurisdiction upon the federal courts to hear challenges to the lawfulness of immigration-related detention. *Id*. (citing 28 U.S.C. § 2241(c)(3)); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003); *Baez v. Bureau of Immigr. & Customs Enf't*, 150 F. App'x 311, 312 (5th Cir. 2005) (unpublished); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished).

Habeas is "the basic method for obtaining review of continued *custody after* a deportation order had become final" and is available "as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas*, 533 U.S. at 687–8 (citation omitted). "Whether a set of particular circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal is determinative of whether the detention is, or is not, pursuant to statutory authority. The basic federal habeas corpus statute grants the federal courts authority to answer that question." *Id*. at 699 (citing 28 U.S.C. § 2241(c)(3)).

Moreover, a Court is not required to hold a hearing when the habeas petition "raises only questions of law, or questions regarding the legal implications of undisputed facts." *Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted); *see also Trejo v. Warden of ERO El Paso E. Montana*, 2025 WL 2992187, at *2 (W.D. Tex. Oct. 24, 2025) (citations omitted).

**B. Rule 56(a)**

Summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Rogers v. Bromac Title Servs., L.L.C.,* 755 F.3d 347, 350 (5th Cir. 2014). If the moving party meets its burden of demonstrating the absence of a genuine factual dispute, the non-movant must then come forward with specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party," and a "fact issue is 'material' if its resolution could affect the outcome of the action." *Canady v. Davis*, 687 F. App'x 362, 365 (5th Cir. 2017) (quoting *Ramirez v. Martinez*, 716 F.3d 369, 374 (5th Cir. 2013)). "Because this case arises in a summary judgment posture, we view the facts in the light most favorable to [Petitioner], the nonmoving party." *Id.* (quoting *City & County of San Francisco v. Sheehan*, 135 S.Ct. 1765, 1769 (2015)).

## Discussion

As a threshold matter, the Court refrains from considering the merits of Mr. Al Quhif's Fourth Claim that "Respondents' policy of 'surprise' third-country removal lacks reasoned decision-making and must be set aside under 5 U.S.C. § 706(2)(A)" because it appears premature given that Respondents do not have any third countries to which they are actively trying to remove Petitioner nor any countries that have agreed to accept Petitioner. (*See* Dkt. 1 at 13; Dkt. 9, Attach. 1.)

Additionally, as an initial matter the Court has jurisdiction to hear Petitioner's claim challenging the lawfulness of his post-removal order detention. *See Khan v. Bondi, et. al.*, 5:26-cv-00042, Dkt. No. 24 (S.D. Tex. Mar. 5, 2026) ("*Khan v. Bondi*") (analyzing the Court's jurisdiction to hear such claims). The Court now considers Petitioner's claims that his post-

5 / 12

removal-period detention by immigration authorities has become unreasonably prolonged in violation of the INA and the Due Process Clause given that Mr. Al Quhif's detention has stretched for over 7 months since the IJ granted Withholding of Removal. (Dkt. 1 at 11–13.)

### A.  Limits on Post-Removal-Period Detention Under *Zadvydas*

The Supreme Court has recognized that "permitting indefinite detention of an alien would raise a serious constitutional problem" and that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas,* 533 U.S. at 690. Thus, the Supreme Court held in *Zadvydas* that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Id.* at 699. Therefore, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* (citations omitted). In order to guide lower courts reviewing the reasonableness of continued detention, the Supreme Court determined that there is a presumptively reasonable period of six months of detention from the time that a removal order becomes final.[2] *Id.* at 701. After six months have elapsed, once a noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the respondents do not offer sufficient rebuttal evidence once a habeas petitioner has made such a showing, then the court should grant the writ and order the habeas petitioner released under the *Zadvydas* framework. *See id.*; *but see Andrade*, 459 F.3d at 543–44 (finding that petitioner had failed to meet his initial burden when he offered "nothing beyond [his] conclusory statements").

---

[2] Courts, including this one, have understood the six-month presumption to be a period of 180 days which comports with DHS's post-removal custody review procedures. *See Sanchez v. Noem* (*Sagastizado II*)*,* 2025 WL 3760317, at *8 (S.D. Tex. Nov. 14, 2025); 8 C.F.R. § 241.4(k)(2)(ii).

Here, Petitioner filed his petition 12 days before the 6-month period of presumptively reasonable detention elapsed, so the Court first briefly considers whether this precludes Petitioner's claims. Finding that Petitioner's claims are not precluded, the Court then analyzes whether Petitioner has provided good reason to believe that his removal is not reasonably foreseeable before turning to whether Respondents have provided evidence sufficient to rebut Petitioner's claims that his removal is not reasonably foreseeable.

### 1. Length of Petitioners' Detention

Respondents argue that Mr. Al Quhif's Petition should be denied because he filed it before the 6-month period of presumptively reasonable detention had elapsed. (Dkt. 6 at 3–5; Dkt. 9 at 1–4.) However, the fact that Petitioner filed his Petition 12 days before the six-month mark does not mean the Court must deny Petitioner's claims. *See Sanchez v. Noem*, 2025 WL 3760317, at *7 n.3 (S.D. Tex. Nov. 14, 2025) (noting that there is no "controlling precedent or legal support to indicate that six months must have elapsed *at the time of filing*" and concluding that the six-month period is a rebuttable not preclusive presumption); *see also Villanueva v. Tate*, 801 F. Supp. 3d 689, 702 (S.D. Tex. 2025) ("[N]othing in *Zadvydas* precludes a challenge to detention before the presumptively constitutional time period has elapsed"). Mr. Al Quhif's removal order and grant of Withholding of Removal became final on September 30, 2025. (*See* Dkt. 1 at 4–5.) Mr. Al Quhif filed his petition on March 17, 2026, 169 days after his removal order became final, and he has now been detained for over 7 months of post-removal-order detention. The fact that Petitioner filed 12 days before the end of 6-month period of presumptively reasonable detention does not preclude the Court from considering Petitioners claims, nor does it change the Court's determination that the 6 month period of presumptively reasonable detention has elapsed.

### 2. Foreseeability of Petitioners' Removal to a Third Country

The Court now turns to whether Petitioner has provided "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and whether Respondents have responded "with evidence sufficient to rebut that showing." *Zadvydas,* 533 U.S. at 701. Petitioner claims that there is not a substantial likelihood of removal in the reasonably foreseeable future because Petitioner's grant of Withholding of Removal prevents his removal to his home country. (Dkt. 1 at 6–8.) Additionally, Petitioner argues that "the absence of an identified country, the lack of travel documents, and the absence of any diplomatic agreement render removal a 'remote possibility' rather than a significant likelihood." (*Id.* at 8.)

For a petitioner to show that there is "a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" the petitioner is not required to "show the absence of any prospect of removal—no matter how unlikely or unforeseeable," *See Gomez v. Mattos*, 2025 WL 3101994, at *5 (D. Nev. Nov. 6, 2025) (quoting *Zadvydas*, 533 U.S. at 701–02). The fact that Mr. Al Quhif has been granted Withholding of Removal in of itself makes his ultimate chances of removal from the United States far less likely. *See id.* ("Petitioner has identified a particular individual barrier of his repatriation to his country of origin—his grant of withholding of removal to Chile."); *Trejo*, 2025 WL 2992187, at *5 ("[Petitioner] has identified a 'particular individual barrier[ ] to his repatriation' to his country of origin'—his grant of DCAT, which prevents his removal to El Salvador."); *Johnson,* 594 U.S. at 537 ("only 1.6% of aliens who were granted withholding of removal were actually removed to an alternative country"); *Zavvar v. Scott*, 2025 WL 2592543, at *7 (D. Md. Sept. 8, 2025) ("A grant of withholding of removal 'substantially increases the difficulty of removing' an individual." (quoting *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 398 (D.N.J. 2025))).

Moreover, Petitioner asserts that "Immigration and Customs Enforcement (ICE) has provided no evidence that removal to a third country is 'significantly likely in the reasonably foreseeable future'" (Dkt. 1 at 2.) The lack of evidence that DHS has identified a third country willing to accept Petitioner indicates that his removal is even less likely. *See Trejo*, 2025 WL 2992187, at *5 (finding removal not reasonably foreseeable because "ICE has not identified a third country that will accept him"). Specifically, the two countries that Respondents attempted to remove Petitioner to each refused to accept him. (Dkt. 9, Attach. 1.) Accordingly, courts have found under similar factual circumstances that a petitioner has met their burden by offering proof of a grant of withholding of removal and a lack of assurances that a third country will accept them. *See, e.g., Salazar-Martinez v. Lyons*, 2025 WL 3204807, at *2 (D.N.M. Nov. 17, 2025); *Trejo*, 2025 WL 2992187, at *5 (W.D. Tex. Oct. 24, 2025); *Garcia-Aleman v. Thompson*, 2025 WL 3534806, at *5 (W.D. Tex. Nov. 24, 2025), *report and recommendation adopted*, 2025 WL 3532179 (W.D. Tex. Dec. 9, 2025). Furthermore, several courts have held that a petitioner can meet the initial burden to show "a good reason" only by showing that "the presumptively reasonable six-month period has expired." *Pham v. Bondi*, 2025 WL 3122884, at *1 (W.D. Wash. Nov. 7, 2025) (quoting *Nguyen v. Scott*, 2025 WL 2419288, at *13 (W.D. Wash. Aug. 21, 2025)); *see also Alexis v. Sessions*, 2018 WL 5921017, at *7 (S.D. Tex. Nov. 13, 2018).

Respondents offer little by way of argument that Petitioner has failed to provide a "good reason to believe" that his removal is not reasonably foreseeable. They simply state that Petitioner has failed to show that there is no significant likelihood of removal and that the Court should accept ICE's statement that they are actively working to remove Petitioner to a third country as reason to believe that removal to a third country is foreseeable. (Dkt. 9 at 2–3.) However, Petitioner's evidence that he remains detained for a period exceeding six months with his removal to his native

9 / 12

country prohibited by law and no alternative claims to citizenship or assurances of any kind that he can be removed to a third country raises far beyond conclusory statements and is sufficient to shift the burden to Respondents under *Zadvydas*. Upon finding that Petitioner has provided a "good reason to believe" that there is no significant likelihood of removal in the reasonably foreseeable future, the Court turns to Respondent's evidence.

Respondents claim that ICE "asserts that they are 'actively working with the Department of State to determine removal to a third country.'" (Dkt. 9 at 3.) However, Respondents submit no evidence to the Court of any progress to secure removal to a third country. (*See id*.) According to Respondents, the only two countries to which requests for acceptance have been submitted have already refused to accept Petitioner, and Respondents have not taken action to remove Petitioner to a third country since. (Dkt. 9, Attach. 1.) Respondents have now had over 180 days to work on removing Petitioner to a third country since his removal order became final on September 30, 2025, but have no evidence to offer that removal is reasonably foreseeable. The lack of any meaningful progress towards removal indicates that removal is not reasonably foreseeable under even the most generous interpretation. *See Misirbekov v. Venegas,* 2025 WL 3033732, at *2 (S.D. Tex. Oct. 29, 2025) (finding that a "lack of progress in removing Petitioner makes removal unlikely in the foreseeable future" for a petitioner detained over nine months post-removal). "[A] remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Balouch v. Bondi*, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted).

Thus, Mr. Al Quhif's continued detention violates his due process rights because there is not a significant likelihood of removal in the reasonably foreseeable future. Mr. Al Quhif has been detained more than one year, with well over 180 days of that detention occurring during the post-

removal-period, and Respondents have submitted no evidence of progress in effectuating removal to a third country. Therefore, Petitioner's detention has become unreasonably prolonged, and his continued detention violates the INA and his rights under the Due Process Clause.

### Conclusion

For the forgoing reasons, Petitioner's Verified Petition for Habeas Corpus, (Dkt. 1), is **GRANTED IN PART**. Respondents' Response to Petition for Writ of Habeas Corpus and Motion to Dismiss, or Alternatively, Motion for Summary Judgment, (Dkt. 6), is **DENIED**.

Respondents are hereby **ORDERED** to immediately release Petitioner from custody under reasonable conditions of supervision. Respondents are **ORDERED** to notify the Court of the status of Petitioner's release **within 48 hours of the issuance of this order**. Respondents are also **ORDERED** to notify Petitioner's counsel of the exact location and exact time of his release as soon as practicable and **no less than three hours before release**.

The Court further **ORDERS** that Petitioner cannot be re-detained without a material change in circumstances.

Finally, the Court further **ORDERS** that should Respondents identify a third country to which they intend to remove Petitioner, Respondents must provide at least ten (10) days' written notice, including the name of the proposed country of removal and confirmation that the third country has agreed to accept Petitioner, to Petitioner, Petitioner's counsel, and this Court, prior to any anticipated removal.

IT IS SO ORDERED.

SIGNED this May 6, 2026.

 

Diana Saldaña
United States District Judge